**Elijah STRONG, Plaintiff–Appellant,**

v.

**ORKAND CORPORATION,
Defendant–Appellee.**

No. 03–5774.

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

---

Elijah Strong, pro se, Memphis, TN, for Plaintiff–Appellant.

John Morris Russell, Edwin L. Rawson, Lawrence & Russell, Memphis, TN, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.[*]

### ORDER

Elijah Strong, a Tennessee resident, appeals the district court order granting summary judgment to the defendant in this case brought under Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, Strong, an African American, sued the Orkand Corporation ("Orkand") alleging that Orkand terminated his employment based upon his race. The district court eventually granted summary judgment for Orkand, and this appeal followed. The parties have briefed the issues. Strong is proceeding without benefit of counsel.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

We review an order granting summary judgment de novo. *Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Title VII of the Civil Rights Act of 1964 forbids discrimination because of an individual's race. *See* 42 U.S.C. § 2000e–2(a)(1). A claimant may prove a prima facie case of racial discrimination by showing that: "(1) he is a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment decision; and (4) he was treated differently than similarly situated whites." *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1166 (6th Cir.1996) (citations omitted), *amended on denial of reh'g by* 97 F.3d 833 (6th Cir.1996). "[T]he plaintiff must prove that all of the relevant aspects of his employment situation are 'nearly identical' to those of the [white] employees who he alleges were treated more favorably." *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994) (quotation omitted); *see also Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir.1992). If the plaintiff establishes a prima facie case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its decision. If the employer does so, the plaintiff must then show that the articulated reason is a mere pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1185 (6th Cir.1996). The burden of persuasion in discrimination cases remains at all times with the plaintiff. *Burdine,* 450 U.S. at 254–55, 101 S.Ct. 1089; *Monette,* 90 F.3d at 1186–87.

■ Upon review, we conclude that the district court properly granted summary judgment in favor of Orkand. Strong did not present a prima facie case of race discrimination within the meaning of Title VII. Orkand's affidavits and exhibits establish that Strong was not qualified for the position from which he was terminated. Strong was hired contingent upon his ability to obtain a background security clearance from the Postal Inspection Service and was specifically advised that without a favorable background check this offer of employment would be withdrawn. The condition of a favorable security clearance is a requirement of the United States Postal Service. The denial of Strong's security clearance rendered him unqualified for the job. Although Strong was advised that he would be eligible for rehire if he reversed the clearance denial, his appeal to the U.S. Postal Inspection Service was unsuccessful.

■ Strong also failed to establish that the individual he named as comparable was, in fact, treated differently in the manner of discipline issued or action taken. Although the identified comparable, Franklin Morris, received an interim security clearance in August, 1998, pending completion of the security clearance process, the security clearance was subsequently rescinded because of pending felony charges of aggravated rape and kidnapping. Orkand terminated Morris's employment the day after his security clearance was rescinded. Thus, upon the rescission of Morris's security clearance, Orkand responded with termination, the identical action taken against Strong for his inability to obtain security clearance.

Accordingly, Strong has also failed to establish by affidavits or evidence of any kind that "for the same or similar conduct, he was treated differently than similarly-situated non-minority employees." *Mitchell,* 964 F.2d at 582–83.

 Strong also failed to demonstrate that Orkand made any materially adverse employment decision based upon his race. *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 883 (6th Cir.1996) (citing *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). The failure to offer permanent employment constitutes only neutral action on the part of the defendant. *Williams v. Bristol–Myers Squibb Co.,* 85 F.3d 270, 273–74 (7th Cir.1996). Strong was required to obtain a favorable security clearance as a condition of employment. He was denied the security clearance and was unsuccessful in appealing that denial. Strong was terminated for his failure to meet a required condition for employment as a Technical Information Specialist. Orkand has articulated a legitimate, nondiscriminatory reason for its decision to terminate Strong's employment, and Strong has completely failed to present any evidence discrediting that explanation.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.